306 P.3d 81

STATE of Arizona, Appellee,

v.

Brian Lynn BAGGETT, Appellant.

No. 1 CA–CR 12–0480.

Court of Appeals of Arizona, Division 1, Department D.

July 11, 2013.

As Amended July 11, 2013.

---

Thomas C. Horne, Attorney General By Joseph T. Maziarz, Acting Chief Counsel Criminal Appeals/Capital Litigation Section And Alice Jones, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Jeffrey L. Force, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GOULD, Judge.

¶ 1 Appellant, Brian Lynn Baggett, appeals his convictions and sentences for possession of dangerous drugs, possession of marijuana, and possession of drug paraphernalia. On appeal, he argues the trial court erred in denying his motion to suppress. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 During the early morning hours of July 26, 2011, Officer Tan and Officer Lua were patrolling an area in Phoenix known for high crime activity. While on patrol, they ob- served Baggett riding a bicycle on the sidewalk without a visible bicycle light.[1] The officers stopped Baggett for a traffic violation pursuant to Arizona Revised Statutes ("A.R.S.") section 28–817(A) (2013), which requires a person operating a bicycle at "nighttime" to have "a lamp on the front that emits" a "visible" light.[2]

¶ 3 When the officers made contact with Baggett, they saw he had a flashlight duct-taped to his bicycle. Baggett tried to turn the flashlight on for the officers, but it only flickered on and off. The officers then performed a weapons pat-down on Baggett, which included removing his backpack and placing it on the hood of their patrol car. The patrol car was parked approximately fifteen to twenty feet away from Baggett.

¶ 4 After Officer Tan placed the backpack on the hood of the patrol car, he noticed the smell of marijuana coming from the backpack. When questioned by Officer Tan, Baggett eventually told the officers he had obtained the backpack from a "street brother" named Billy. Officer Tan then searched the backpack and discovered a digital scale and several baggies containing marijuana. Baggett was arrested and charged with possession of dangerous drugs (methamphetamine),[3] possession of marijuana, and possession of drug paraphernalia.

¶ 5 Baggett filed a motion to suppress the evidence obtained from the backpack. Prior to trial, the court held an evidentiary hearing on Baggett's motion. At the conclusion of the hearing, the court determined the stop was a valid traffic stop. The court also found the officers had a right to remove Baggett's backpack and place it on their patrol car for officer safety. The court further found that once the officers smelled the marijuana, they had probable cause to search Baggett's back-

---

1. Based on the record, it appears that Baggett was riding on a public sidewalk. Because the parties did not raise the issue of whether Baggett was riding on a public sidewalk or private property, we do not address whether A.R.S. § 28–817(A) applies to bicycles operated on private property.

2. A.R.S. § 28–817(A) (2013) states in relevant part: "A bicycle that is used at nighttime shall have a lamp on the front that emits a white light visible from a distance of at least five hundred feet to the front. ..."

3. At the police station, Officer Tan further examined the contents of the backpack and found a small baggie of a white flaky substance, which tested positive for methamphetamine.

pack. Accordingly, the court denied Baggett's motion to suppress.

¶ 6 After the evidentiary hearing, the case proceeded to trial, where the jury found Baggett guilty on all charges. Baggett filed a timely notice of appeal. We have jurisdiction pursuant to Article VI, section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031, and 13–4033(A) (2013).

## DISCUSSION

¶ 7 We review a trial court's denial of a motion to suppress for an abuse of discretion. *State v. Organ,* 225 Ariz. 43, 46, ¶ 10, 234 P.3d 611, 614 (App.2010). On review, we defer to the trial court's "determinations of the credibility of the officers and the reasonableness of the inferences they drew," but consider the trial court's legal decisions de novo. *State v. Mendoza–Ruiz,* 225 Ariz. 473, 475, ¶ 6, 240 P.3d 1235, 1237 (App.2010).

### I. Initial Stop

¶ 8 On appeal, Baggett argues there was no lawful basis for the traffic stop because A.R.S. § 28–817(A) did not apply to him while he was riding his bicycle on the sidewalk.[4] Baggett contends bicyclists are only subject to the requirements of A.R.S. § 28–817(A) when they are operating their bicycles on a roadway.

¶ 9 Interpretation of a statute is a question of law we review de novo. *State v. Starr,* 222 Ariz. 65, 69, ¶ 14, 213 P.3d 214, 218 (App. 2009). "The primary goal in interpreting a statute is to determine and give effect to the intent of the legislature." *DeVries v. State,* 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009). The plain language of a statute is the most reliable indicator of the statute's meaning. *New Sun Bus. Park, LLC v. Yuma County,* 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App.2009). When construing statu-

tory language "[w]e employ a common sense approach, reading the statute in terms of its stated purpose and the system of related statutes of which it forms a part, while taking care to avoid absurd results." *State v. Barragan–Sierra,* 219 Ariz. 276, 282, ¶ 17, 196 P.3d 879, 885 (App.2008) (citations omitted).

¶ 10 We reject Baggett's argument. Based on the plain language of A.R.S. § 28–817(A), it is clear that the bicycle light requirement applies to all bicycles being operated at night, regardless of whether the bicycle is traveling on a roadway or a sidewalk. The statute does not contain any language limiting its application to bicycles traveling on roadways. In contrast, other statutes regulating the *operation* of bicycles specifically include language limiting their application to roadways. *See* A.R.S. § 28–814 (prohibiting bicyclists from attaching a bicycle "to a vehicle on a roadway"); A.R.S. § 28–815(A) (regulating the speed of bicyclists traveling "on a roadway"); A.R.S. § 28–815(B) (prohibiting bicyclists from riding more than "two abreast" on a "roadway" except in specially designated areas). We will not read a roadway limitation into A.R.S. § 28–817(A) when the legislature has chosen not to include such a limitation. *See generally City of Phoenix v. Butler,* 110 Ariz. 160, 162, 515 P.2d 1180, 1182 (1973) (citation omitted) ("The choice of the appropriate wording rests with the Legislature, and the court may not substitute its judgment for that of the Legislature."); *see also U.S. Parking Sys. v. City of Phoenix,* 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989) (citation omitted) (when a term is used in one provision of a statute and omitted from another, that term should not be read into the section where it is omitted).[5]

¶ 11 Nevertheless, Baggett argues that A.R.S. §§ 28–811 and 28–812 limit the bicycle light requirement set forth in A.R.S. § 28–817(A) to roadways. We disagree. A.R.S.

---

4. Our review of the record shows the parties did not raise the issue of whether Baggett violated the Phoenix City Code by riding his bicycle on the sidewalk. *See generally* Phoenix City Code § 36–63 (2013) (prohibiting vehicles from driving on sidewalks); Phoenix City Code § 36–113 (2013) (subjecting bicycles, like vehicles, to all relevant sections of the city code regarding sidewalks). *As a result, we do not address this issue*

*on appeal. State v. Gendron,* 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991).

5. The purpose of A.R.S. § 28–817(A) is public safety, e.g., to prevent collisions between cars, bicycles, and pedestrians due to poor lighting. It is unlikely this purpose would be served by allowing bicyclists to ride on public sidewalks at night without a light.

§ 28–812 and A.R.S. § 28–811(B) do not address whether A.R.S. § 28–817(A) applies to bicycles traveling on sidewalks. A.R.S. § 28–812 [6] provides that a bicyclist traveling on a roadway has the same rights and duties as the driver of a motor vehicle; it does not discuss the duties and obligations of a bicyclist riding on a sidewalk. Similarly, A.R.S. § 28–811(B) [7] does not address sidewalks, but simply provides that bicycles operating on "highways" or special bike paths must follow the bicycle traffic regulations set forth in A.R.S. §§ 28–811 through 28–818.[8]

¶ 12 We conclude A.R.S. § 28–817(A) applies to all bicycles being operated at nighttime, regardless of their location on a roadway or a sidewalk. As a result, the officers possessed a lawful basis to stop Baggett for a traffic violation pursuant to A.R.S. § 28–817(A).

## II. Weapons Frisk

■ ¶ 13 Baggett also asserts the officers did not possess a reasonable suspicion to perform a weapons pat-down, which included removing his backpack and placing it on the hood of the patrol car. "An officer may conduct a weapons frisk if, based on specific, articulable facts, the officer has any reasonable fear for his safety." *State v. Ramsey*, 223 Ariz. 480, 484, ¶ 17, 224 P.3d 977, 981 (App.2010). Moreover, "[p]eace officers may 'take such steps as [are] reasonably necessary to protect their personal safety and to

maintain the status quo' during an investigatory stop." *State v. Kaiser*, 204 Ariz. 514, 517, ¶ 6, 65 P.3d 463, 466 (App.2003), citing *U.S. v. Hensley*, 469 U.S. 221, 235, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985).

¶ 14 Here, the officers performed a traffic stop on Baggett at 2:39 a.m. in an area known for high crime activity. When the officers contacted Baggett, he appeared nervous. Additionally, the officers noted Baggett was evasive in answering questions about how he acquired the backpack. At the time, the officers determined that a weapon could be concealed within the backpack. Based on this record, the trial court did not abuse its discretion in finding the officers had reasonable grounds to perform a weapons pat-down, which included separating Baggett from his backpack.

## III. Search of the Backpack

■ ¶ 15 Baggett argues the search of his backpack was unreasonable because under the "plain smell" doctrine the officers were not lawfully in a position to detect the odor of marijuana emanating from the backpack, the backpack's incriminating character was not immediately apparent, and the officers did not have a lawful right of access to the marijuana inside the backpack.[9]

¶ 16 Our supreme court has adopted a "plain smell" standard, akin to the "plain

6. A.R.S. § 28–812 (2013) provides, in relevant part, "[a] person riding a bicycle on a roadway or on a shoulder adjoining a roadway is granted all of the rights and is subject to all of the duties applicable to the driver of a vehicle by this chapter." The statute's reference to "this chapter" refers to Chapter 3, entitled "Traffic and Vehicle Regulation," which consists of A.R.S. §§ 28–601 through 28–1205.

7. A.R.S. § 28–811(B) (2013) provides, "[e]xcept as otherwise provided in this article, this chapter applies to a bicycle when it is operated on a highway or on a path set aside for the exclusive use of bicycles." The statute's reference to "this article" references Article 11, entitled "Operation of Bicycles," which consists of A.R.S. §§ 28–811 through 28–818.

8. The plain language of A.R.S. § 28–811(B) appears to recognize the fact that some bicycle regulations may apply to areas other than highways and bike paths. *See* A.R.S. § 28–811(B) (stating that the bicycle regulations contained in

A.R.S. § 28–811 through 28–818 apply to bicycles operated on highways and bike paths "[e]xcept as otherwise provided in this article") (emphasis added).

9. On appeal, Baggett also contends the search was unreasonable because it was not a valid search incident to arrest. The State argued before the trial court that once Officer Tan smelled the marijuana, he had probable cause to arrest Baggett and search Baggett's backpack. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) (a person may be searched incident to arrest in areas under his immediate control); *State v. Davis*, 154 Ariz. 370, 374, 742 P.2d 1356, 1360 (App.1987) (search incident to arrest can include a defendant's personal possessions). Because the trial court did not rely on this ground in denying Baggett's motion to suppress, we do not address it on appeal. *Gendron*, 168 Ariz. at 154, 812 P.2d at 627.

view" doctrine. *State v. Morrow*, 128 Ariz. 309, 313, 625 P.2d 898, 902 (1981). To invoke the plain view/smell exception to the warrant requirement for a search, a police officer must lawfully be in a position to view/smell the object, its incriminating character must be immediately apparent, and the officer must have a lawful right of access to the object. *Minn.v. Dickerson*, 508 U.S. 366, 373–77, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *State v. Millan*, 185 Ariz. 398, 402 n. 4, 916 P.2d 1114, 1118 n. 4 (App.1995).

¶ 17 We have already concluded the officers were lawfully in a position to detect the smell of marijuana when they (1) stopped Baggett for a traffic violation and (2) placed his backpack on the hood of their patrol car pursuant to a valid weapons frisk. *See, supra,* ¶¶ 13–15. Baggett contends, however, the State failed to satisfy the second prong of the plain smell test, because the backpack's incriminating character was not immediately apparent to the officers. Baggett asserts that the officers were not able to detect the scent of marijuana until they closely scrutinized the backpack.

¶ 18 The record does not support Baggett's assertion that the officers closely scrutinized the backpack before they noticed the smell of marijuana. Rather, the incriminating character of the backpack was immediately apparent to Officer Tan when he placed it on the hood of his patrol car, e.g., he detected the smell of marijuana coming from the backpack.

¶ 19 Finally, Baggett asserts the officers did not have a lawful right to search the backpack for marijuana. He argues that in some cases odors alone are not sufficient to conduct warrantless searches and that generally there must be "compelling reasons" or "exceptional circumstances" to justify a warrantless search.

¶ 20 We disagree. When the officers smelled marijuana, they possessed probable cause to believe the backpack contained marijuana. *State v. Decker*, 119 Ariz. 195, 197, 580 P.2d 333, 335 (1978); *State v. Reuben*, 126 Ariz. 108, 109–10, 612 P.2d 1071, 1072–73 (App.1980). *See also State v. Chavez–Inzunza*, 145 Ariz. 362, 364, 701 P.2d 858, 860 (App.1985) (officers possessed probable cause to search a vehicle when they smelled marijuana). As a result, the officers had a lawful right to search the backpack for marijuana. *See Mazen v. Seidel*, 189 Ariz. 195, 202, 940 P.2d 923, 930 (1997) (once officers had lawful right of access to enter an area, they could seize contraband in plain view).[10]

## CONCLUSION

¶ 21 We affirm Baggett's convictions and sentences for possession of dangerous drugs, possession of marijuana, and possession of drug paraphernalia.

CONCURRING: MARGARET H. DOWNIE and PATRICIA A. OROZCO, Judges.

---

10. Baggett further contends that the mere smell of marijuana is not sufficient to support probable cause that evidence of a crime is present because the passage of A.R.S. § 36–2802 (the Arizona Medical Marijuana Act or "AMMA") legalizes the possession and use of marijuana in certain circumstances. The State counters that the AMMA does not detract from an officer's ability to investigate possible criminal activity, but only creates a defense to prosecution. Because Baggett did not raise this argument before the trial court in his motion to suppress or at the evidentiary hearing on the motion to suppress, he waived the right to raise this issue on appeal and we do not address it. *Gendron, 168 Ariz. at 154, 812 P.2d at 627.*