NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT REUBEN SANCHEZ, III, *Appellant.*

No. 1 CA-CR 13-0847
FILED 2-3-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-106152-001
The Honorable Roland J. Steinle, III, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

---

**N O R R I S,** Judge:

¶1        Robert Reuben Sanchez, III timely appeals from his convictions and sentences for: count one, possession or use of dangerous drugs, in violation of Arizona Revised Statute ("A.R.S.") section 13-3407 (Supp. 2014),[1] a class 4 felony; count two, possession or use of marijuana, in violation of A.R.S. § 13-3405 (Supp. 2014), a class 6 felony; counts three and four, misconduct involving weapons, in violation of A.R.S. § 13-3102 (Supp. 2014), class 4 felonies; and count five, misconduct involving body armor, in violation of A.R.S. § 13-3116 (2010), also a class 4 felony.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Sanchez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Sanchez to file a supplemental brief *in propria persona*, but Sanchez did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Sanchez's convictions and sentences as corrected.

**FACTS AND PROCEDURAL BACKGROUND[2]**

¶2        At 8:44 p.m. on January 27, 2012, two police officers saw an SUV speeding on Buckeye Road in Phoenix, Arizona.  They stopped the SUV, and after the driver—Sanchez—rolled down the side window one of the officers smelled an "overwhelming odor" of perfume or air freshener, that at trial he explained was frequently used to conceal the odor of

---

[1]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Sanchez's arrest, the revisions are immaterial to the resolution of this appeal.  Thus, we cite to the current version of these statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Sanchez.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

marijuana. The officer also noted Sanchez was wearing a large black jacket zipped to the top of his neck. Sanchez told the officer he did not own the SUV, but he could not identify who did.

¶3 After running the SUV's registration and license plate and determining the SUV's owner, the officers requested another police department contact the owner to find out whether it had been stolen. For their own safety while they waited to hear back from the other police department, the officers asked Sanchez to step out of the SUV so they could "pat [him] down," that is, frisk him, for weapons. During the weapons frisk, one of the officers discovered Sanchez was wearing a bulletproof vest. The officers then became concerned Sanchez might be armed. They handcuffed him and completed the frisk. One of the officers felt a large, bulky, soft object concealed in Sanchez's sock which he believed contained narcotics. The officer lifted Sanchez's pant leg and saw baggies containing a green leafy substance the officer believed to be marijuana. He also found one baggie containing a white crystal-like substance he believed to be methamphetamine. The officers arrested Sanchez and placed him in the backseat of their patrol car. The officer who conducted the frisk then searched the SUV and found a loaded rifle, loaded magazines for the rifle, a loaded revolver, a knife, and an expandable baton, all within reach of a person sitting in the driver's seat.

¶4 Before trial, Sanchez moved to suppress the drugs and all items found in the SUV. At the suppression hearing, Sanchez conceded the officers were justified in conducting a frisk for weapons; his only argument was that the frisk exceeded a search for weapons when the officer lifted his pant leg and removed the package from his sock. The officer testified, however, that based on the circumstances and his experience, when he felt the soft bulge in Sanchez's sock, he was certain it was packaged contraband. *See State v. Watkins*, 207 Ariz. 562, 568, ¶ 26, 88 P.3d 1174, 1180 (App. 2004) ("Contraband may be seized if during a lawful frisk, the officer feels an object he knows is contraband without the need to manipulate it."). The superior court denied the motion to suppress based on the totality of the circumstances and the credibility of the officer's testimony that in his 21 years of experience he "never found a bulge in somebody's sock that has not been packaged narcotics." We see no error in the superior court's ruling on Sanchez's motion to suppress. *State v. Baggett*, 232 Ariz. 424, 426, ¶ 7, 306 P.3d 81, 83 (App. 2013) (appellate court reviews a superior court's denial of motion to suppress for abuse of discretion and will "defer to the [superior] court's determinations of the credibility of the officers and the reasonableness of the inferences they dr[a]w, but [will] consider the

[superior] court's legal decisions de novo") (citation omitted) (internal quotation marks omitted).[3]

**¶5**        At trial, a Phoenix Police Department criminalist testified each baggie contained either marijuana or methamphetamine. Certified latent print examiners testified Sanchez's left middle finger print was on the revolver and his thumbprint matched the thumbprint on a certified sentencing minute entry in a prior felony case. A superior court civil-rights restoration clerk testified the superior court had not entered an order restoring Sanchez's right to possess weapons in that prior felony case. The jury found Sanchez guilty on all counts.

**¶6**        At the sentencing hearing, Sanchez admitted to having two historical prior felony convictions and also avowed in a plea agreement accepted by the court in an unrelated matter to having two other prior felony convictions. The superior court sentenced him as a category 3 repetitive offender to the presumptive term of 10 years for counts one, three, four, and five, and the presumptive term of 3.75 years for count two; all sentences to be served concurrently. *See* A.R.S. § 13-703(C), (J) (Supp. 2014). The court correctly calculated and awarded Sanchez 490 days of presentence incarceration credit.

## DISCUSSION

**¶7**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Sanchez received a

---

[3]Although the police handcuffed, arrested, and placed Sanchez in the backseat of their patrol car before searching the SUV, Sanchez did not separately challenge their search of the SUV under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) (subject to certain exceptions, search incident to arrest exception to warrant requirement does not apply to search of defendant's vehicle when defendant secured in patrol car and could not reasonably access vehicle). The record as developed by the parties at the suppression hearing does not allow us to evaluate the validity of the search of the SUV under *Gant*. If Sanchez believes the search of the SUV was invalid, nothing in this decision should be construed as precluding him from seeking post-conviction relief based on a claim of ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.

fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶8 The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Sanchez's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Sanchez was given an opportunity to speak at sentencing, and he did so. His sentences were within the range of acceptable sentences for his offenses.

¶9 In our review of the record, we discovered errors in the superior court's sentencing minute entry. First, the minute entry incorrectly references "A.R.S. § 13-3102" under "Count 5 MISCONDUCT INVOLVING BODY ARMOR." The correct statute for misconduct involving body armor is A.R.S. § 13-3116, and thus we correct the minute entry to reflect the same. Second, the minute entry describes Sanchez's convictions as "non-repetitive," and lists "A.R.S. 13-702," the "First time felony offenders" statute under each offense. The record is abundantly clear, however, the superior court intended to, and did, sentence Sanchez as a category 3 repetitive offender. Not only did the superior court find at sentencing that Sanchez had two historical prior felony offenses, but Sanchez avowed he had two other prior felony convictions. Also, the term of each sentence the court imposed matched the appropriate term under the repetitive offender statute, A.R.S. § 13-703. Thus we correct the sentencing minute entry to replace each reference to "A.R.S. § 13-702" with "A.R.S. § 13-703" and to describe each conviction as "repetitive."

## CONCLUSION

**¶10**      We decline to order briefing and affirm Sanchez's convictions and sentences as corrected.

**¶11**      After the filing of this decision, defense counsel's obligations pertaining to Sanchez's representation in this appeal have ended.  Defense counsel need do no more than inform Sanchez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶12**      Sanchez has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Sanchez 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama