NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LAMONT MOLNAR WEST, *Appellant.*

No. 1 CA-CR 15-0433
FILED 7-26-2016

---

Appeal from the Superior Court in Maricopa County
No. CR 2013-446784-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joseph L. Hermes
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

**¶1** Lamont Molnar West (Defendant) appeals his conviction and sentence for one Count of possession or use of marijuana, a class one misdemeanor. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In December 2012, Officer Steven Gilbert of the Gilbert Police Department stopped a vehicle for a cracked windshield. Thereafter, Officer Gilbert contacted the driver, Defendant, and smelled unburned marijuana coming from the vehicle. Officer Gilbert also noted a vial sticking out of Defendant's pocket containing a green leafy substance. Defendant showed no signs of impairment.

**¶3** After exiting the vehicle, Defendant told Officer Gilbert that no marijuana was in the vehicle, and that the vial in his pocket contained spice. Defendant also stated that he does not smoke marijuana, but he does smoke spice. Officer Gilbert did not ask whether Defendant had a medical marijuana card. Based on the marijuana odor, Officer Gilbert placed Defendant in his patrol car, without handcuffs, and searched Defendant's vehicle for marijuana. The search uncovered a baggie of marijuana under the driver's seat. Defendant was arrested and charged with one count of possession or use of marijuana, a class 6 felony. The parties later agreed to designate the charged offense as a class 1 misdemeanor.

**¶4** Defendant filed a motion to suppress and at the hearing, Defendant argued that Officer Gilbert did not have probable cause to search Defendant's vehicle. Defendant contended that after passage of the Arizona Medical Marijuana Act (AMMA), the smell of marijuana alone does not make the incriminating character of the marijuana immediately apparent. Rather, Defendant argued that upon smelling marijuana, officers must then establish whether a suspect is a cardholder under the AMMA. Only after establishing that a suspect is not a cardholder would the incriminating character of the marijuana be apparent, thereby furnishing

probable cause for a search.  The trial court denied Defendant's motion to suppress, reasoning:

> I do not believe that the Medical Marijuana Act undoes well-established case law that when the police smell odor of marijuana emanating from a vehicle that establishes probable cause for a search.  I think that probable cause is not negated by the possibility that there's an innocent explanation for the facts known to the officer.

**¶5**          After a bench trial in May 2015, the trial court found Defendant guilty of one count of possession or use of marijuana, a class 1 misdemeanor.[1]   The trial court suspended imposition of the sentence, placed Defendant on unsupervised probation for one year, and imposed a $750 fine.  Defendant timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2016).[2]

## DISCUSSION

### I.      Motion to Suppress

**¶6**          Defendant first contends that the trial court erred in denying his motion to suppress because the only evidence supporting probable cause for the search of his vehicle was the odor of marijuana.  We review the denial of a motion to suppress for abuse of discretion, *State v. Manuel*, 229 Ariz. 1, 4, ¶ 11 (2011), but review legal issues de novo.  *State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).  We consider only the evidence presented at the suppression hearing and do so in the light most favorable to sustaining the trial court's ruling.  *See State v. Blackmore*, 186 Ariz. 630, 631-32 (1996).

**¶7**          An officer may conduct a warrantless search and seizure of contraband under the plain smell doctrine if (1) the officer is lawfully in a position to smell the contraband; (2) the incriminating character of the object is immediately apparent; and (3) the officer has a lawful right to access the object.  *State v. Baggett*, 232 Ariz. 424, 428, ¶ 16 (App. 2013). Officer Gilbert was lawfully in a position to smell the marijuana in

---

[1]      The parties agreed that Officer Gilbert's testimony at the suppression hearing could be considered at the bench trial in lieu of him offering new testimony on the same subjects.

[2]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

Defendant's vehicle, and had a lawful right of access. Additionally, the smell of marijuana furnished sufficient probable cause to Officer Gilbert that marijuana was present and thus, that a crime was being or had been committed. *See id.* at 428, ¶ 18 (reasoning that smell of marijuana from backpack made its incriminating character immediately apparent); *State v. Harrison*, 111 Ariz. 508, 509 (1975) (finding that the odor of marijuana furnished probable cause). Therefore, the trial court did not abuse its discretion by denying Defendant's motion to suppress.

¶8        Defendant argues that the AMMA now requires something beyond plain smell to furnish probable cause for a warrantless search, but the Arizona Supreme Court has recently rejected that theory. *See State v. Sisco*, CR-15-0265-PR, slip op. at 9, ¶ 26 (Ariz. July 11, 2016) (the illegality of marijuana "in Arizona and AMMA's limited exceptions thereto support finding probable cause based on the smell or sight of marijuana alone unless, under the totality of the circumstances, other facts would suggest to a reasonable person that the marijuana use or possession complies with the AMMA"); *see also State v. Cheatham*, CR-15-0286-PR, slip op. at 4, ¶ 11 (Ariz. July 11, 2016) (concluding that when an officer smells marijuana emanating from a vehicle, the officer "ha[s] probable cause to believe the vehicle contain[s] contraband or evidence of criminal activity"). "[A]n officer would be required to consider any indicia of AMMA-compliant possession or use, and such facts . . . might dispel probable cause that otherwise exists based on odor alone." *Cheatham*, CR-15-0286-PR, slip op. at 4, ¶ 12. Defendant offered no evidence that he was a cardholder under the AMMA at the time of his arrest. Therefore, the trial court did not err in denying the motion to suppress.

## II.   Sufficiency of the Evidence

¶9        Defendant also asserts that "the State failed to present sufficient evidence as to the element of knowledge and thereby a rational trier of fact could not reasonably conclude guilt." A conviction must be based on "substantial evidence." *See* Ariz. R. Crim. P. 20.a; *State v. Mathers*, 165 Ariz. 64, 67 (1990). "[T]he question is whether there was sufficient evidence so that a rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Reinhardt*, 190 Ariz. 579, 588 (1997). On appeal, we do not consider whether we would reach the same outcome as the trial court; rather, we consider "only if there is a complete absence of probative facts to support its conclusion." *State v. Carlisle*, 198 Ariz. 203, 206 (App. 2000) (internal punctuation and citation omitted). Whether evidence is sufficient to sustain a verdict is a question of law we review de novo. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We view the evidence in the

"light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *Reinhardt*, 190 Ariz. at 588-89.

¶10 Under A.R.S. § 13-3405.A.1, "[a] person shall not knowingly [p]ossess or use marijuana." "'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105.10(b). "'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105.34. Possession may be actual or constructive. *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). The State can prove constructive possession though direct or circumstantial evidence, as long as the evidence shows by "specific facts or circumstances that the defendant exercised dominion or control" over the property. *State v. Villalobos Alvarez*, 155 Ariz. 244, 245 (App. 1987). A person's mere presence at the location where an item is located is insufficient to prove dominion or control. *State v. Miramon*, 27 Ariz. App. 451, 452 (1976).

¶11 Sufficient evidence supported the trial court's verdict here. Officer Gilbert testified that he found the marijuana under the driver's seat of the vehicle that Defendant was driving. The record contains no evidence of other occupants in the vehicle. The odor of the marijuana was strong enough that Officer Gilbert recognized it while standing beside the vehicle. Based on this evidence, a reasonable inference arises that Defendant was aware of the marijuana under his seat and that it was under Defendant's dominion or control. *See Carroll v. State*, 90 Ariz. 411, 413-14 (1962) ("There must be a presentation of a specific fact from which the [factfinder] may reasonably infer the defendant knew of the existence of the narcotic as found in his immediate vicinity before he may be chargeable with its possession."). Because we resolve all reasonable inferences against Defendant, *see Reinhardt*, 190 Ariz. at 588-89, there was sufficient evidence that he knowingly possessed the marijuana at the time of his arrest.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the trial court's verdict and the resulting sentence.

