NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANTONIO JOHNSON NAVARRETTE, *Appellant.*

No. 1 CA-CR 14-0038
FILED 12-18-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2013-428423-001
The Honorable Harriett Chavez, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

Antonio Johnson Navarrette, San Luis
*Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　Antonio Johnson Navarrette ("Appellant") appeals his convictions and sentences for one count of aggravated assault and one count of assault. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has done so.

**¶2**　　　　We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2014),[1] 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3**　　　　On July 12, 2013, the State charged Appellant by indictment with Count I, aggravated assault, a class four felony, in violation of A.R.S. § 13-1204, Count II, theft, a class one misdemeanor, in violation of A.R.S. § 13-1802, and Count III, assault, a class one misdemeanor, in violation of A.R.S. §§ 13-1203 (A)(1) and (B). All three charges were initially designated

---

[1]　　　　We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]　　　　We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

as domestic violence offenses under A.R.S. § 13-3601.[3]  The State further alleged that Appellant had six historical prior felony convictions.

¶4          At trial, the State presented the following evidence:  On June 16, 2013, Appellant's former girlfriend ("the victim") agreed to place Appellant's bicycle on her patio so Appellant could come retrieve it without further contacting her.  The victim then went to sleep in her apartment.  When the victim awoke, she opened the patio door to let her dog outside, then went to the bathroom.  Upon exiting her bathroom, the victim noticed Appellant was walking into her apartment through the patio door.  Appellant appeared intoxicated, aggressive, and upset.  Appellant "lunged" at the victim and strangled her, pinning her against a wall.  The victim could not breathe or speak.  Appellant eventually released the victim, causing her to fall onto her bicycle.  Appellant then grabbed the front wheel of the victim's bike and attempted to leave with her bicycle using the front door of the victim's apartment.  The victim grabbed the back tire and a "tug of war" ensued, resulting in the victim being dragged outside of her apartment into a common area of the apartment complex.  Appellant released the bicycle, grabbed the victim's purse that was sitting in the front basket of her bicycle, and fled.

¶5          A neighbor who heard the altercation between the victim and Appellant called the police.  The neighbor testified to hearing a woman screaming, prompting her to step outside her apartment to investigate, and subsequently discover the victim and Appellant "pushing and shoving."  The Phoenix Police Department responded to the emergency call and interviewed the victim in her apartment.  The victim identified the Appellant and officers began to search for him, to no avail.  One officer took several photographs of the victim's injuries.  Later that evening, the victim found her purse in the hallway of her apartment and was unsure of how it got there.  The following day, a Phoenix Police officer took the victim to see a forensic nurse examiner, who conducted a full exam, documenting the victim's injuries.  Two days after the incident, the victim contacted the Phoenix Police, stating she knew where the Appellant was located.  The Phoenix Police arrived at the location and arrested Appellant.

¶6          The jury found Appellant guilty of Count I, aggravated assault, and Count III, assault, and not guilty of Count II, theft.  The jury also found the allegation of domestic violence was true.  At sentencing,

---

[3]     The trial court recognized that Count II should not have been designated as a domestic violence offense and subsequently struck the allegation of domestic violence from Count II.

Appellant admitted having three historical prior felony convictions. On Count I, aggravated assault, the trial court sentenced Appellant to a presumptive term of 10 years' imprisonment in the Arizona Department of Corrections, with credit for 205 days of pre-sentence incarceration. As to Count III, assault, the trial court sentenced Appellant to six months in the county jail, but awarded Appellant time-served. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶7        Appellant raises several arguments in his supplemental brief. We address each in turn.

        *I.        Evidence*

¶8        Appellant contends the State failed to produce all of the available evidence. Specifically, Appellant argues that deoxyribonucleic acid ("DNA") swabs taken by the forensic nurse examiner should have been tested and the results submitted as evidence. The State is not required to produce or introduce all evidence so long as material evidence has been presented to the court that "bear[s] upon the charge for which the defendant is on trial." *State v. Maloney*, 105 Ariz. 348, 354, 464 P.2d 793, 799 (1970) (citation omitted). Accordingly, the State had no obligation to perform DNA tests or produce DNA test results, especially given that the victim identified Appellant as the perpetrator. The State presented ample material evidence to demonstrate both Appellant's identity and liability for the charged crimes. To the extent Appellant argues his attorney's failure to seek DNA testing results constitutes ineffective assistance of counsel, we do not address this claim on appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

        *II.        Ineffective Assistance of Counsel*

¶9        Appellant's next argument on appeal combines two issues. First, Appellant contends he should have been given the right to exercise his own or additional preemptory challenge during the jury selection process. Second, Appellant argues his attorney should have presented an expert witness to testify about injuries that may occur during an assault.

¶10        Based on this record, it is clear Appellant, through counsel, fully exercised the number of preemptory challenges allotted to the defense, and there is no indication that Appellant or his counsel asked the court for additional preemptory strikes. Further, there is nothing in the record that demonstrates Appellant did not provide input to his counsel regarding the

section of the jury, or that Appellant's attorney disregarded that input during the jury selection process.

¶11        "[T]he power to decide questions of trial strategy and tactics rests with counsel, and the decision as to what witnesses to call is a tactical, strategic decision." *State v. Lee*, 142 Ariz. 210, 215, 689 P.2d 153, 158 (1984) (internal citation omitted). Appellant's attorney's decision to not call an expert witness was a trial tactic that rested solely in counsel's discretion. Further, on appeal, this court will not address whether counsel's decision not to call an expert witness constitutes ineffective assistance of counsel. *See Spreitz*, 202 Ariz. at 3, ¶ 9, 39 P.3d at 527.

### III.     Perjury

¶12        Appellant alleges several different acts of perjury occurred during trial. These allegations all stem from apparent discrepancies between prepared police and medical reports and testimony given by several witnesses. "The credibility of witnesses is an issue of fact to be resolved by the jury; as long as there is substantial supporting evidence, we will not disturb their determination." *State v. Harrison*, 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975) (citation omitted). In this case, the victim, a neighbor, a forensic nurse examiner, and two police officers testified regarding the incident at issue and were subject to full cross-examination. By convicting Appellant, the jury resolved the issue of witness credibility in favor of the State. We agree with the jury's resolution, as ample evidence exists on the record to substantiate the finding of the jury.

### IV.     Coercion by the State

¶13        Appellant argues that the prosecutor coerced or induced portions of the victim's testimony. "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26, 969 P.2d 1184, 1191 (1998) (citation omitted). On the record before us, we cannot say the prosecutor engaged in any misconduct. The portions of testimony cited by Appellant demonstrate appropriate redirect examination of the victim.

### V.     Closing Argument

¶14        Appellant alleges the prosecutor made a statement in closing argument concerning the victim's injuries for which Appellant contends there was no factual proof. Appellant did not object to any statements made

during closing arguments; accordingly, we review this issue for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (stating fundamental error review "applies when a defendant fails to object to alleged trial error"). Even assuming Appellant's assertion is correct, closing arguments are not evidence, *State v. Gonzales*, 105 Ariz. 434, 437, 466 P.2d 388, 391 (1970) (citation omitted), and the jury was specifically instructed that the closing arguments, and any opinions given by the attorneys therein, did not constitute evidence. Our review of the evidence and this record indicates the State's closing argument was appropriate. There was no error, let alone fundamental error, associated with the State's closing argument; accordingly, Appellant's argument fails.

### VI.    Other Issues

**¶15**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. As we have recognized, the evidence presented at trial was substantial and supports the verdict, and the sentences were within the statutory limits. Appellant was represented by counsel at critical stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶16**        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶17        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama