NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY ALLEN WIGGS, *Appellant.*

No. 1 CA-CR 14-0294
FILED 3-31-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-002728-001
The Honorable Jerry B. Bernstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Jeffrey Allen Wiggs, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

**¶1**        Jeffrey Allen Wiggs ("Appellant") appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, a class four felony.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has filed two supplemental briefs.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶3**        On July 22, 2013, the State charged Appellant by indictment with two counts of aggravated driving under the influence, a class four felony.  The State further alleged that Appellant had six historical prior felony convictions.

---

[1]      We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

¶4        At trial, the State presented the following evidence:  While driving home from work on May 7, 2013, a witness heard a "crashing noise," and observed a white car had just been in an accident.  The witness called 911 and exited his vehicle to assist the white car.  Appellant, the sole occupant of the white car, exited the car, walked around it, and then attempted to re-start the vehicle.  The witness told Appellant that he had contacted emergency services, and Appellant immediately turned and ran towards an apartment complex adjacent to the scene of the accident.

¶5        The witness provided a description of Appellant to the 911 operator.  Officers with the Chandler Police Department responded to the scene and determined the registered owner of the vehicle was Ruth Wiggs, with a registered address at the neighboring apartment complex.  The officers walked to the registered address, knocked on the door, and Appellant answered.  Appellant matched the description of the driver, but denied driving the vehicle, which was registered to his mother.  Appellant asserted his mother's car was parked in the nearby parking lot.  The officers and Appellant walked to the parking lot and determined the vehicle was not there.  An officer observed Appellant's eyes were "extremely bloodshot and watery" and Appellant smelled of alcohol.  The officers asked Appellant if the keys to his mother's vehicle were in his pockets, and Appellant removed a set of keys, explaining that the keys were "just his house keys."

¶6        The officers decided to conduct field sobriety tests on Appellant.  Before beginning the tests, the officers noticed Appellant's glasses were missing a lens.  During the horizontal gaze nystagmus field sobriety test, the officers observed all six cues of impairment.  In addition, while attempting and failing to properly conduct the "walk-and-turn" test, Appellant stated he would not be able to complete the test.  The officers arrested Appellant.  Using the keys located in Appellant's pocket, the officers unlocked and started the white car.  In addition, a search of the car revealed a single glasses' lens located on the floor on the driver's side.  The officers transported Appellant to a nearby hospital where a blood test revealed Appellant's blood alcohol level was .206.  Appellant did not testify at trial.

¶7        The jury found Appellant guilty of both counts of aggravated driving under the influence.  At sentencing, Appellant admitted having two historical prior felony convictions.  For both counts, the trial court sentenced Appellant to presumptive, concurrent terms of 10 years' imprisonment in the Arizona Department of Corrections, with credit for 29

days of pre-sentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

**¶8**        Appellant raises several arguments in his supplemental briefs. We address each in turn.

### I.        *Voir Dire*

**¶9**        Appellant contends the trial court erred when it failed to strike a prospective juror. Because Appellant did not object during voir dire, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). During voir dire, the trial court asked the prospective jurors if any knew the county attorney or any member of the county attorney's staff, to which Juror 16 responded affirmatively. The juror revealed his relationship to two family members, one who worked at the Public Defender's office, and one who worked as a superior court commissioner. In addition, he had a family member who was a retired member of the attorney general's office in California. The trial court then asked the juror if "anything about those relationships [would] affect [his] ability to be fair and impartial," to which the juror responded no. The juror again notified the court when it asked if any potential juror had relatives that practiced law. Juror 16 was subsequently selected for the jury panel.

**¶10**        It is in the trial judge's discretion to determine the method and scope of voir dire. *State v. Canez*, 202 Ariz. 133, 148, ¶ 37, 42 P.3d 564, 579 (2002) (internal citation omitted). Moreover, unless it can be demonstrated that a jury of fair and impartial jurors was not selected, this court will not disturb the trial court's selection of the jury. *Id.* Based on the record before us, we see no error, let alone fundamental error. Nothing in the record indicates Juror 16's presence as a member of the jury in any way harmed or prejudiced Appellant. The voir dire process and ultimate impaneling of Juror 16 did not deprive Appellant of a fair trial.

### II.        *Exhibit 3 – Forensic Examination Report*

**¶11**        Appellant alleges the trial court "abused [its] discretion in not calling a mistrial" when it admitted a forensic examination report over the objection of Appellant's counsel. We disagree. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ariz. R. Evid. 401(a) and (b). Relevant evidence is admissible unless it violates applicable statutes, rules, the Arizona Constitution, or the

United States Constitution. Ariz. R. Evid. 402. Here, the forensic examination report documents Appellant's blood alcohol concentration, which relates directly to the crux of the charges against him. Moreover, the criminalist who performed the blood alcohol analysis testified at trial and authenticated the report in accordance with Arizona Rules of Evidence 901. Accordingly, the trial court did not err in admitting the forensic examination report.

¶12 Appellant further argues the admission of this report constitutes prosecutorial misconduct because Appellant "would have argued [his] case different[ly]." To prevail on a claim of prosecutorial misconduct, "[a] defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Roque*, 213 Ariz. 193, 228, ¶ 152, 141 P.3d 368, 403 (2006). Appellant fails to articulate any examples of how his potential defense strategy was hindered based on the admission of the report. In addition, Appellant does not demonstrate how the admission of the report resulted in any prejudice or a denial of his due process rights. Therefore, Appellant's claim of prosecutorial misconduct fails.

### III. In-Court Identification

¶13 Appellant argues the trial court abused its discretion when it allowed a witness to make an in-court identification of Appellant, alleging the in-court identification was "tainted." Normally this court reviews a challenged identification for a clear abuse of discretion, however, because Appellant failed to object at trial, we review for fundamental error. *See State v. Leyvas*, 221 Ariz. 181, 184, ¶ 9, 211 P.3d 1165, 1168 (App. 2009); *see also Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607. In this case, the witness did not make a pre-trial identification of Appellant, however, during trial, the witness identified Appellant as the driver of the vehicle. Appellant contends that testimony by a police officer, stating the witness told that officer he would not recognize the suspect's face, demonstrates that the witness was lying when the witness made the in-court identification. We see no error by the trial court in allowing the witness to make an in-court identification of Appellant. Appellant's counsel highlighted the contradictory statements made by the police officer and the witness during closing arguments, and the jury was free to believe whichever witness they chose. *See State v. Harrison*, 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975) (citation omitted) (stating the credibility of witnesses is a matter for the jury to decide). Based on the record before this court, we cannot say the trial court erred in allowing the in-court identification.

¶14 Appellant further argues the in-court identification constituted prosecutorial misconduct because the State "knew the witness was testifying falsely" and the State "should have brought [this] to the Trial Judge['s] attention." We find these arguments unpersuasive. There is nothing in the record to indicate the prosecutor acted inappropriately or denied Appellant his constitutional rights. Accordingly, this argument also fails.

### IV. Car Keys

¶15 Appellant alleges the trial court abused its discretion when it allowed the officers' to testify about the car keys taken from Appellant, but failed to admit the keys into evidence. The State is not required to introduce all evidence so long as material evidence has been presented to the court that "bear[s] upon the charge for which the defendant is on trial." *State v. Maloney*, 105 Ariz. 348, 354, 464 P.2d 793, 799 (1970) (citation omitted). The relevant evidence here is the officer's testimony that Appellant had the keys to the white car in his possession immediately following the accident, not the car keys themselves. Moreover, irrelevant evidence is inadmissible. Ariz. R. Evid. 402. The State was not required to seek admission of the car keys, and the trial court did not err when it did not admit the keys into evidence.

### V. Witness Testimony

¶16 Appellant argues the State's key witness gave two inconsistent statements during trial, constituting perjury. The testimony is as follows:

> Q. [The Prosecutor]: -- [do you remember] what that description was, more or less?
>
> A. [The Witness]: I told them it was an African-American male between the ages of 35 - - or late 30s to mid 40s, bald, wearing glasses, gray shirt, black and white shorts.
>
> THE COURT: Once again, a little slower.
>
> Q. [The Prosecutor]: [The Court Reporter] has to record everything.
>
> A. [The Witness] I'm sorry.

6

Q. That's okay. No problem.

A. Do I need to back up?

Q. One more time, a little slower, if you don't mind, please.

A. Okay, so when the officer got there, I gave him the description of an African-American male between the ages of late 30s to mid 40s, wearing a gray shirt, plaid shorts, bald, and wearing glasses.

¶17        These statements, while not identical, do not amount to perjury. In addition, as previously addressed, the jury was free to weigh the witness' credibility based on the slight differences in this testimony. *See Harrison* at 509, 533 P.2d at 1144. We see no error in admitting these statements and the fact that the trial court did so did not deprive Appellant of a fair trial.

## VI.    Other Issues

¶18        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict, and the sentence was within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶19        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶20        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama