533 P.2d 1143

**STATE of Arizona, Appellee,**

v.

**Gary Wayne HARRISON, Appellant.**

No. 2996.

Supreme Court of Arizona,
En Banc.

April 9, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

Mickey L. Clifton, Phoenix, for appellant.

HAYS, Justice.

While traveling on Interstate 10 near Wellton, Arizona, Gary Wayne Harrison, hereinafter referred to as the defendant, was stopped by an officer of the Arizona Department of Public Safety who had observed that the left rear tire of defendant's vehicle appeared to be "bouncing." The officer examined the tire and while kneeling, noticed the odor of marijuana. The officer opened the trunk of the car and inside found over 200 kilograms of marijuana. Harrison was arrested. He was later indicted and found guilty by a jury of possession of marijuana for sale and its transportation. The sentence of five years was suspended by the trial judge and the defendant placed on probation subject to serving 11 months in the Yuma County Jail. He now appeals.

The defendant's first contention on appeal is that the search of the vehicle and the seizure of the evidence were violative of the fourth amendment to the United States Constitution. We disagree. The officer stopped Harrison in the appropriate exercise of the officer's public safety duties. Without a doubt, the state has a valid interest in the safety of its highways for travelers. The car in this case was observed to be weaving somewhat and the left rear tire was "bouncing" as the officer testified. Stopping the driver was a proper exercise of the state's police power. State ex rel. Berger v. Cantor, 13 Ariz. App. 555, 479 P.2d 432 (1970).

An automobile may be searched and evidence seized without a warrant if there is probable cause that contraband will be found and if there are exigent circumstances which prevent obtaining a warrant. Coolidge v. New Hampshire, 403 U. S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Raymond, 21 Ariz.App. 116, 516 P.2d 58 (1973).

The officer testified that he smelled the odor of marijuana as he examined the tire of the defendant's vehicle. This provided sufficient probable cause for the officer to make a further search and to arrest Harrison. State v. Raymond, supra. On appeal, the defendant quarrels with the credibility of the officer's testimony that the officer was familiar with the odor of marijuana. The credibility of witnesses is an issue of fact to be resolved by the jury; as long as there is substantial supporting evidence, we will not disturb their determination. State v. Money, 110 Ariz. 18, 514 P.2d 1014 (1973).

There were also exigent circumstances justifying the warrantless search and seizure. Had the officer stopped to obtain a warrant, there was a substantial likelihood that the defendant would have

fled with the evidence. Exigent circumstances such as were present in this situation justify a warrantless search and seizure if probable cause also exists. Coolidge v. New Hampshire, *supra*.

Harrison was originally indicted for possession of marijuana for sale, transportation of marijuana and possession of marijuana. The third count, possession, was dismissed out of the presence of the jury and, in fact, the jury was unaware of this charge. The defendant offered no objection to its dismissal upon the state's motion. We fail to see how he was prejudiced, as he now contends, by the dismissal of Count III, particularly as he also argues that it constituted a lesser included offense to the other two charges brought against him.

The state was also allowed by the trial judge to amend the indictment in accord with Rule 145 of the rules of criminal procedure then in effect, as follows: Count I, possession of marijuana for sale in violation of A.R.S. § 36–1002.07 to read A.R.S. § 36–1002.06, and Count II, transportation of marijuana in violation of A.R.S. § 36–1002.06 to read A.R.S. § 36–1002.07. With the transposition of the statutes originally, the indictment was still sufficiently clear substantively to notify the defendant of the crimes with which he was being charged; Rule 145 allowed for such corrections of technical defects. State v. Butler, 9 Ariz.App. 162, 450 P.2d 128 (1969). We find no error in allowing the indictment to be amended.

There was also no error in the court's refusal to grant the defendant's motion for a directed verdict. When there is substantial evidence that the defendant committed the offense with which he is charged, as there was here, a trial court is not required to direct a verdict. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970).

As his next issue on appeal, the defendant maintains that the state did not meet its burden of proof that the defendant knew of the contraband or knew that the marijuana was for sale. There was ample circumstantial evidence from which the jury could properly infer that the defendant knew of the contents of the trunk and of its intended sale. This court makes no distinction between direct and circumstantial evidence in probative value. State v. Harvill, *supra*. We will also view the facts in the strongest light to support the jury's verdict which is well supported in the instant case. State v. Harvill, *supra*.

"Unlawful possession of narcotics is established by proof that the accused exercised dominion and control over a substance, that he had knowledge of its presence, and that he had knowledge that the substance was a narcotic. [Citation omitted.]" State v. Arce, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971).

The officer testified that the smell of marijuana pervaded the passenger compartment of the car and Harrison testified that he was familiar with the drug's distinctive odor.

While the car was registered in the name of another individual, no evidence was offered at the trial by the defendant as to why Harrison, who was alone when stopped, was driving another's car without knowing of its contents. Joint control of a narcotic will support a conviction based on its possession as an element. State v. Verrue, 106 Ariz. 325, 475 P.2d 939 (1970).

From the large quantity of marijuana found, approximately 500 pounds, and the nature of its packaging, an intent to sell the shipment could have been properly inferred. State v. Arce, *supra*.

The appellant next urges that State v. Benge, 110 Ariz. 473, 520 P.2d 843 (1974), prohibited submitting both the charges of possession of marijuana for sale and its transportation to the jury. He is incorrect. In *Benge*, it was clearly said that the proof required for conviction on one charge is not the same as the proof required for conviction on the other charge in the case of possession for sale and transportation. It is for the jury to deter-

mine which charge is supported by the facts, but when it determines that the same facts support both charges, the defendant cannot be punished for both in accord with A.R.S. § 13–1641. State v. Benge, *supra.*

Because it is not error to submit both counts to the jury, there was no error in instructing the jury on the elements of the two charges. Any additional objections that the defendant may have had were waived on appeal when he failed to make these objections to the trial judge. State v. Settle, 111 Ariz. 394, 531 P.2d 151 (1975).

The defendant was properly sentenced in accord with State v. Benge, *supra.*

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.