353 P.3d 382

**STATE of Arizona, Appellee,**

v.

**Ian Harvey CHEATHAM, Appellant.**

**No. 1 CA–CR 14–0072.**

Court of Appeals of Arizona, Division 1.

July 23, 2015.

---

Arizona Attorney General's Office By Myles A. Braccio, Phoenix, Counsel for Appellee.

Maricopa County Public Defender's Office By Carlos Daniel Carrion, Phoenix, Counsel for Appellant.

Presiding Judge SAMUEL A. THUMMA delivered the decision of the Court, in which Judge PATRICIA A. OROZCO and Judge MICHAEL J. BROWN joined.

## OPINION

THUMMA, Judge:

¶ 1 Ian Harvey Cheatham appeals his conviction for misdemeanor possession or use of marijuana and resulting probation grant. Cheatham argues the superior court abused its discretion by denying his motion to suppress evidence obtained from a warrantless search of his car. Finding no error, Cheatham's conviction and probation grant are affirmed.

## FACTS [1] AND PROCEDURAL HISTORY

¶ 2 One evening in late May 2013, two police officers were on patrol when they pulled over a car with a dark windshield that appeared to violate Arizona law. One officer approached the driver's window and made contact with Cheatham, the driver. As the officer spoke with Cheatham, he noticed a strong odor of burnt marijuana from inside the vehicle. Cheatham complied with the officer's request to step out of the car and the officer searched the car.

¶ 3 During the search, the officer saw an empty prescription bottle in the center console. The officer opened the bottle and smelled unburnt marijuana. The officer also saw an empty cigar package on the driver's seat. As he testified at the suppression hearing, the significance of the empty cigar package was that people "take the tobacco out of the cigars and fill them with marijuana, and then they refer to those as blunts out in the street. They're marijuana cigarettes." The officer then searched under the driver's seat, where he found a small amount (described as the "size of a marble") of what he identified as unburnt marijuana. The officer seized the marijuana and arrested Cheatham. After being read his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.

---

1. In reviewing the denial of a motion to suppress, this court considers only the evidence received at the suppression hearing and does so in a light most favorable to sustaining the superior court's ruling. *See State v. Blackmore,* 186 Ariz. 630, 631, 925 P.2d 1347, 1348 (1996).

1602, 16 L.Ed.2d 694 (1966), Cheatham admitted the prescription bottle containing the odor of unburnt marijuana was his.

¶ 4 Before trial, Cheatham filed a motion to suppress, arguing the automobile exception to the search warrant requirement no longer authorizes searches based on the plain smell of marijuana after the enactment of the Arizona Medical Marijuana Act (AMMA), Arizona Revised Statutes (A.R.S.) §§ 36–2801 to –2819 (2015).[2] The superior court denied the motion, finding probable cause existed based on the "plain smell" doctrine as adopted in *State v. Harrison,* 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975). Although noting it "may well be an issue of first impression," the superior court rejected Cheatham's contention that, under the AMMA, "the police now have to presume that any marijuana that they're smelling or seeing out there is lawful and that it needs to then be shown otherwise."

¶ 5 After a bench trial, Cheatham was found guilty of possession or use of marijuana, a Class 1 misdemeanor, and placed on supervised probation for one year. From Cheatham's timely appeal of his conviction and probation grant, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033.

## DISCUSSION

¶ 6 This court reviews the denial of a motion to suppress for an abuse of discretion. *State v. Manuel,* 229 Ariz. 1, 4 ¶ 11, 270 P.3d 828, 831 (2011). Constitutional and legal issues are reviewed de novo. *State v. Moody,* 208 Ariz. 424, 445 ¶ 62, 94 P.3d 1119, 1140 (2004).

## I. The AMMA Does Not Eliminate Arizona's "Plain Smell" Doctrine.

■ ¶ 7 Cheatham concedes that, "[u]nder pre-AMMA Arizona case law, the odor of marijuana was sufficient to establish the necessary probable cause to search a car. *Harrison,* 111 Ariz. at 509, 533 P.2d at 1144

(odor of unburnt marijuana emanating from vehicle supplied probable cause to search and arrest)." Cheatham argues, however, that the odor of marijuana no longer has an incriminating character sufficient to establish probable cause of a crime because AMMA cardholders legally may possess and use marijuana, and the AMMA authorizes others to be in the presence and vicinity of such use. Noting the arresting officer admitted he did not ask whether Cheatham was authorized to use marijuana under the AMMA, Cheatham argues that, "[a]bsent any additional evidence that could have provided sufficient evidence to rise to the level of probable cause, the mere smell of burnt marijuana is insufficient as a matter of law."

¶ 8 Under the AMMA, a "registered qualifying patient ... is not subject to arrest, prosecution or penalty in any manner ... [f]or the registered qualifying patient's medical use of marijuana pursuant to [the AMMA], if the registered qualifying patient does not possess more than" 2.5 ounces of marijuana. A.R.S. §§ 36–2811(B)(1); –2801(1)(a)(i).[3] Under the AMMA, "[n]o person may be subject to arrest, prosecution or penalty in any manner ... for ... [b]eing in the presence or vicinity of the medical use of marijuana authorized under" the AMMA. A.R.S. § 36–2811(D)(2). A registered qualifying patient is presumed to be "engaged in the medical use of marijuana pursuant to" the AMMA if in possession of "a registry identification card" and 2.5 ounces of marijuana or less. A.R.S. § 36–2811(A)(1).

¶ 9 Contrary to Cheatham's arguments, the AMMA does not decriminalize marijuana possession or use. Instead, where applicable, the AMMA provides immunity for possession or use of marijuana consistent with "the immunity provision" of the AMMA. *See Reed–Kaliher v. Hoggatt,* 237 Ariz. 119, 122 ¶¶ 8–9, 347 P.3d 136, 139 (2015) (construing A.R.S. § 36–2811); *see also State ex rel. Polk v. Hancock,* 237 Ariz. 125, 127–28 ¶ 1, 347 P.3d 142, 144–45 (2015) (finding A.R.S. § 36–2811(B)(1) prohibits superior court "from for-

---

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

3. The marijuana police seized from Cheatham weighed 100 milligrams, significantly less than 2.5 ounces.

bidding AMMA-compliant marijuana use as a condition of probation"). The possession or use of marijuana remains a crime under Arizona law, A.R.S. § 13–3405(A)(1), albeit a crime subject to immunity if undertaken consistent with the AMMA, A.R.S. § 36–2802.

¶ 10 The fact that the AMMA does not decriminalize possession or use of marijuana under Arizona law distinguishes several non-Arizona cases Cheatham cites. *See, e.g., Commonwealth v. Cruz,* 459 Mass. 459, 945 N.E.2d 899, 908 (2011) (construing plain smell doctrine after state decriminalized possession of an ounce or less of marijuana); *State v. Crocker,* 97 P.3d 93, 94, 96–97 (Alaska Ct.App.2004) (quashing warrant to search home for marijuana where state law "allow[ed] possession by adults of any amount less than four ounces of marijuana in the home for personal use"); *see also Oregon v. Castilleja,* 345 Or. 255, 192 P.3d 1283, 1291–92 (2008) (reversing order suppressing evidence because affidavit supporting search warrant "was replete with probable cause" to "believe that an unlawful amount of marijuana—more than six usable ounces—would be found" in defendant's house). In contrast to these jurisdictions, Vermont has a medical marijuana statute similar to the AMMA. *See* Vt. Stat. Ann. Title 18, § 4474b (West 2015) (exempting persons with valid registration cards who are in compliance with statutory requirements from arrest or prosecution). In construing that statute, the Vermont Supreme Court rejected an argument that the plain smell doctrine could not support probable cause, concluding that Vermont's medical marijuana law "merely exempts from prosecution a small number of individuals who comply with rigid requirements for possession or cultivation. In that sense, the law creates a defense to prosecution." *State v. Senna,* 194 Vt. 283, 79 A.3d 45, 49 (2013) (citation omitted); *accord People v. Stras-*

*burg,* 148 Cal.App.4th 1052, 56 Cal.Rptr.3d 306, 310–11 (2007) (applying California law); *State v. Fry,* 168 Wash.2d 1, 228 P.3d 1, 10 (2010) (applying Washington law). The Vermont Supreme Court's analysis is more applicable to the AMMA than is the analysis used in states where marijuana has been decriminalized.

¶ 11 Apart from these non-Arizona cases cited by the parties, in claiming immunity under the AMMA, "it is a defendant's burden to 'plead and prove,' by a preponderance of the evidence, that his or her actions fall within the range of immune action." *State v. Fields ex rel. Cnty. of Pima,* 232 Ariz. 265, 269 ¶ 15, 304 P.3d 1088, 1092 (App. 2013).[4] The record shows Cheatham did not meet his burden. Cheatham never claimed he was a registered qualifying patient with an AMMA registry identification card when he was pulled over, when the marijuana was seized, when he was arrested or at any other relevant time. Indeed, Cheatham conceded through counsel that he was not a registered qualifying patient under the AMMA. This record does not show that Cheatham attempted to claim, or could have claimed, any immunity under the AMMA. As a result, this court need not address any impact on the plain smell doctrine by the AMMA if Cheatham had presented an AMMA registry identification card issued in his name to the officers when he was stopped.

¶ 12 Cheatham cites the trial testimony of Raymond Farinas where Farinas stated he was a registered qualifying patient under the AMMA with a registry identification card, that he had ridden in Cheatham's car earlier in the day and that, "[w]hen he got home, he measured [his] medical marijuana and realized that he was missing some of his medical marijuana." After being stopped and arrested, however, Cheatham

---

**4.** Cheatham argues for the first time in his reply brief on appeal that the State's argument "lacks merit" when compared to possession of prescription drugs, adding "the mere possession of prescription-only drug[s] would not cause a reasonable person to suspect a criminal activity." The statutes Cheatham cites for this argument, which are inapplicable here, prohibit a person from knowingly possessing or using "a prescription-only drug unless the person obtains the prescrip-

tion-only drug pursuant to a valid prescription" from a specified prescriber, placing on the defendant "the burden of proof of any such exemption." A.R.S. §§ 13–3406(A)(1), –3412(B). Moreover, by raising the issue for the first time in reply on appeal and failing to otherwise develop the argument, it is waived and not addressed here. *State v. Lizardi,* 234 Ariz. 501, 506 n. 5 ¶ 19, 323 P.3d 1152, 1157 n. 5 (App.2014); *see also* Ariz. R.Crim. P. 31.13(c)(1)(vi).

admitted the prescription bottle containing the odor of unburnt marijuana was his. Moreover, Farinas did not testify at the suppression hearing. *See Blackmore,* 186 Ariz. at 631, 925 P.2d at 1348 (when addressing appeal from suppression ruling, appellate court properly restricts its "review to consideration of the facts the trial court heard at the suppression hearing") (citation omitted). Finally, even if Cheatham had proved that Farinas' possession and use of marijuana complied with the AMMA, Cheatham was convicted for his possession of marijuana, not because he was "in the presence or vicinity of the medical use of marijuana" by Farinas. A.R.S. § 36–2811(D)(2).

¶ 13 The AMMA does not decriminalize the possession or use of marijuana in Arizona. Moreover, Cheatham has not shown how the AMMA would provide him any immunity or that, on this record, the AMMA eliminates the plain smell exception to the warrant requirement that led to the search and seizure here. The fact that a registered patient under the AMMA with a valid registry identification card can affirmatively claim immunity from arrest, prosecution or penalty for possession or use of marijuana as specified under the AMMA does not eliminate the significance of the smell of marijuana as an indicator of criminal activity in this case. Thus, the AMMA does not mean that the plain smell of marijuana is no longer sufficient to establish probable cause under Arizona law.[5]

## II. The Superior Court Did Not Err In Denying The Motion To Suppress.

 ¶ 14 Cheatham argues the superior court abused its discretion by denying his motion to suppress because the only evidence supporting probable cause for the warrantless search of his car was the smell of marijuana. Under the plain smell doctrine, a police officer may conduct a warrantless search and seizure of contraband if: (1) the "officer [is] lawfully ... in a position to [smell] the object;" (2) "its incriminating character [is] immediately apparent;" and (3) "the officer [has] a lawful right of access to the object." *State v. Baggett,* 232 Ariz. 424, 428 ¶ 16, 306 P.3d 81, 85 (App.2013) (citations omitted). There is no dispute that the officer was lawfully in a position to smell the marijuana and had a lawful right of access. Moreover, in this case, the odor of marijuana provided sufficient probable cause that marijuana was present and that a crime was being or had been committed. *See Harrison,* 111 Ariz. at 509, 533 P.2d at 1144; *Baggett,* 232 Ariz. at 428 ¶ 20, 306 P.3d at 85. Accordingly, the record at the suppression hearing was sufficient to support a finding that all three requirements of the plain smell doctrine were met. Thus, the superior court did not err in denying Cheatham's motion to suppress.[6]

## CONCLUSION

¶ 15 Cheatham's conviction and resulting probation grant are affirmed.

---

5. Although adopting a different analysis, the majority in *State v. Sisco,* —— Ariz. ——, —— P.3d ——, 2015 WL 4429575 (App.2015) (2–1 decision) does not direct a different result. As applied to the facts of this case, the *Sisco* majority stated that "even with the AMMA's passage, the odor of burnt marijuana in public or *in an automobile* still suggests a crime has occurred." *Id.* at ——, ¶ 26, —— P.3d —— (emphasis added). Moreover, *Sisco* involved "[a]n ex parte search warrant hearing" that "afford[ed] no opportunity to assert a defense" under the AMMA, *id.* at —— ¶ 49, —— P.3d ——, unlike Cheatham's interaction with police where, had he been a registered qualifying patient, he could have asserted immunity under the AMMA by presenting his registry identification card to the officers when he was stopped. Finally, to the extent the analysis of the *Sisco* majority could be read to apply here to direct a different result, this court would respectfully disagree using, instead, the analysis set forth in this opinion.

6. Given this conclusion, this court does not address the State's argument that the officers properly searched Cheatham's car pursuant to the automobile exception to the warrant requirement.