IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**IAN HARVEY CHEATHAM,**
*Appellant.*

————————

No. CR-15-0286-PR
Filed July 11, 2016

————————

Appeal from the Superior Court in Maricopa County
The Honorable Jeanne M. Garcia, Judge
No. CR2013-424212
**AFFIRMED**

Opinion of the Court of Appeals, Division One
237 Ariz. 502, 353 P.3d 382 (App. 2015)
**VACATED**

————————

COUNSEL:

Mark Brnovich, Arizona Attorney General, John R. Lopez IV, Solicitor General, Joseph T. Maziarz, Chief Counsel, Criminal Appeals Section, Myles A. Braccio (argued), Assistant Attorney General, Phoenix, Attorneys for State of Arizona

Maricopa County Public Defender, Carlos Daniel Carrion (argued), Deputy Public Defender, Phoenix, Attorneys for Ian Harvey Cheatham

————————

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL, TIMMER and BOLICK joined.

————————

CHIEF JUSTICE BALES, opinion of the Court:

¶1        We here consider whether, after passage of the Arizona Medical Marijuana Act ("AMMA"), A.R.S. §§ 36-2801 through 2819, the odor of marijuana emanating from a vehicle establishes probable cause to

believe the vehicle contains contraband or evidence of a crime. Consistent with our concurrently issued opinion in *State v. Sisco*, CR–15–0265–PR, slip op. at ___ ¶ 26 (Ariz. July __, 2016), we hold that the odor of marijuana sufficed to establish probable cause, and the ensuing search was therefore authorized by the automobile exception to the warrant requirement.

**I.**

¶2        In May 2013, two police officers stopped Ian Cheatham's car on the suspicion that its window tinting violated Arizona law. After approaching the driver's window and speaking with Cheatham, one officer noticed a "pretty strong" odor of burnt marijuana from inside the vehicle. Based on the odor, the officer asked Cheatham to exit the vehicle and then searched the car. During the search, the officer found a small amount – described as the "size of a marble" – of unburnt marijuana under the driver's seat. The officer seized the marijuana and arrested Cheatham.

¶3        Before his trial for possession or use of marijuana, Cheatham filed a motion to suppress. He argued that, after AMMA, the odor of marijuana alone no longer provides probable cause, and therefore the search of his vehicle was not authorized by the automobile exception to the warrant requirement. The trial court denied the motion. After a bench trial, the court found Cheatham guilty and placed him on supervised probation for one year.

¶4        The court of appeals affirmed and held that, notwithstanding AMMA, "the odor of marijuana provided sufficient probable cause that marijuana was present and that a crime was being or had been committed." *State v. Cheatham*, 237 Ariz. 502, 506 ¶ 14, 353 P.3d 382, 386 (App. 2015). Distinguishing *State v. Sisco*, 238 Ariz. 229, 359 P.3d 1 (App. 2015), which had not involved a vehicle, the court also stated that it disagreed with *Sisco* to the extent its analysis could be read to "direct a different result" here. *Id.* at 506 ¶ 13 n.5, 353 P.3d at 386.

¶5        We granted review because whether AMMA affects the determination of probable cause based on the odor of marijuana is a recurring issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

**¶6** We review the denial of a motion to suppress evidence for an abuse of discretion. *State v. Wilson*, 237 Ariz. 296, 298 ¶ 7, 350 P.3d 800, 802 (2015). An error of law constitutes an abuse of discretion. *State v. Bernstein*, 237 Ariz. 226, 228 ¶ 9, 349 P.3d 200, 202 (2015). Whether the probable cause determination here comports with the Fourth Amendment is a mixed question of law and fact that we review de novo. *State v. Moore*, 222 Ariz. 1, 7 ¶ 17, 213 P.3d 150, 156 (2009).

**¶7** The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." Warrantless searches and seizures are generally unreasonable, subject to a "few specifically established and well-delineated exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). One such exception allows the warrantless search of an automobile, including containers within, provided an officer has probable cause to believe contraband or evidence will be found. *E.g.*, *Arizona v. Gant*, 556 U.S. 332, 343–44 (2009); *California v. Acevedo*, 500 U.S. 565, 579–80 (1991).

**¶8** Before AMMA was adopted in 2010, marijuana possession or use was per se illegal in Arizona. Thus, Arizona cases predating AMMA held that the smell of marijuana alone provides probable cause to believe criminal activity is occurring or has occurred and that contraband is present. *E.g.*, *State v. Decker*, 119 Ariz. 195, 197–98, 580 P.2d 333, 335–36 (1978). We have also applied that standard to the odor of marijuana emanating from a vehicle, thereby justifying a warrantless search pursuant to the automobile exception. *State v. Harrison*, 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975).

**¶9** AMMA has made the possession and use of marijuana lawful for medicinal purposes under the terms and conditions set forth in that Act. *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 122–23 ¶¶ 7, 17, 347 P.3d 136, 139–40 (2015). Thus, the smell of marijuana no longer necessarily reflects criminal activity under Arizona law. Cheatham argues that after AMMA the odor of marijuana alone cannot establish probable cause because officers must consider the "possibility that a person is not guilty of any offense."

**¶10** We disagree. As discussed in *Sisco*, probable cause does not evaluate the "innocence" or "guilt" of particular conduct, but rather the

"degree of suspicion that attaches to particular types of non-criminal conduct." *Sisco*, CR–15–0265–PR, slip op. at ___ ¶ 15 (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) (also explaining that "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," and thus "innocent behavior will frequently provide the basis" for probable cause)).

¶11        We held in *Sisco* that even after AMMA, the odor of marijuana, without more, provides probable cause that a crime has occurred or is occurring. *See Sisco*, CR–15–0265–PR, slip op. at ___ ¶ 26. Thus, when the officer here smelled burnt marijuana emanating from Cheatham's vehicle, he had probable cause to believe the vehicle contained contraband or evidence of criminal activity. *See also Harrison*, 111 Ariz. at 509, 533 P.2d at 1144 (odor of marijuana emanating from vehicle provided probable cause to believe contraband would be found within).

¶12        To be sure, under the "odor unless" standard adopted in *Sisco*, an officer would be required to consider any indicia of AMMA-compliant possession or use, and such facts – as part of the totality of the circumstances – might dispel probable cause that otherwise exists based on odor alone. We need not address here the scope of AMMA's provisions stating that the Act does not authorize smoking marijuana in any public place or on any means of public transportation. Cheatham was not a registered qualifying patient, and no other facts known to the officer would have suggested to a reasonable person that the odor of burnt marijuana reflected use permitted by AMMA. *Cf.* A.R.S. § 36-2802(E) (immunizing from prosecution the use of marijuana "only as permitted" by AMMA).

¶13        Because the officer had probable cause, the automobile exception authorized him to search all areas of Cheatham's vehicle, including containers found within, that could have contained marijuana or evidence of marijuana possession. *Gant*, 556 U.S. at 343–44; *Acevedo*, 500 U.S. at 579–80; *see also State v. Reyna*, 205 Ariz. 374 ¶ 1, 71 P.3d 366 (App. 2003).

## III.

¶14        We affirm Cheatham's conviction and probationary term and vacate the opinion of the court of appeals.