NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TONY SHUMENKO GAMBLE, *Appellant*.

No. 1 CA-CR 16-0418
FILED 3-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-002008-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

The Law Office of Kyle T. Green, P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

**¶1**        Tony Shumenko Gamble ("Gamble") appeals his convictions of multiple felonies, including five counts of child prostitution, and misdemeanor assault.  Gamble argues that the trial court abused its discretion by denying his suppression motion based on a warrantless search of his hotel room and his *Franks*[1] challenge to the probable cause statement underlying a search warrant affidavit to search his cellphone.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Tempe police officers responded to Gamble's hotel room to conduct a welfare check on a reported juvenile female runaway accompanying an adult male.  Initially, Officer Cook ("Cook") and Sergeant Mitchell ("Mitchell") found no one present in the room, and neither observed nor collected any evidence.

**¶3**        Cook and Mitchell then learned from other officers on the scene interviewing the juvenile's mother and sister, also a minor, about a separate incident involving the sister, whom Gamble allegedly had assaulted the day before.

**¶4**        When Cook and Mitchell returned to Gamble's room to conduct the welfare check, Gamble answered the door while talking on a cellphone.  Based on the alleged assault, the officers immediately detained Gamble and conducted the welfare check.  While detained, Gamble consented to a search of the room.

**¶5**        Subsequently, Gamble was arrested for the alleged assault on a minor.  At Gamble's request, the officers collected his property from the room, including his cellphone which was not considered to be evidence at that time.

---

[1]  *See Franks v. Delaware*, 438 U.S. 154 (1978).

**¶6**        Before booking Gamble, Cook was informed that Gamble's cellphone may contain prostitution-related evidence involving the juvenile females.   Cook submitted Gamble's cellphone to Detective Breckow ("Breckow") and advised Breckow that the cellphone had been collected from Gamble's room and identified as Gamble's.   Breckow authored a search warrant affidavit to search Gamble's cellphone.

**¶7**        Before trial, Gamble moved to suppress the cellphone evidence.  Gamble argued that the cellphone was obtained in a warrantless search not justified by any emergency exception.  Gamble also challenged the truthfulness of the probable cause statement in the search warrant affidavit, namely that the cellphone was in Gamble's "possession" when he was arrested.

**¶8**        The superior court denied Gamble's suppression motions after holding an evidentiary hearing.  Following his convictions, Gamble timely appealed.   We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21, 13-4031, and 13-4033.

## DISCUSSION

**¶9**        Gamble contends that the superior court erred by denying his suppression motions to exclude the cellphone evidence based on the warrantless search of the room and his *Franks* challenge to the affidavit underlying the warrant to search the cellphone.

### I.        STANDARD OF REVIEW

**¶10**        We review the superior court's ruling on a suppression motion for abuse of discretion, consider only the evidence presented at the suppression hearing, and view that evidence "in a light most favorable to sustaining the trial court's ruling." *State v. Adair*, 241 Ariz. 58, 60, ¶ 9 (2016). While we must defer to the superior court's factual findings, we conduct de novo review of its legal conclusions. *Id*.  A warrantless search is per se unreasonable under the Fourth Amendment to the United States Constitution, "subject to a 'few specifically established and well-delineated exceptions.'" *State v. Cheatham*, 240 Ariz. 1, 2, ¶ 7 (2016) (citation omitted) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  The search of one's home or person generally requires a warrant absent "'the exigencies of the situation' [which] make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 393-94 (1978) (quoting *McDonald v. United States*, 335 U.S. 451, 454 (1948)).

¶11          "The reasonableness of a police officer's response in a given situation is a question of fact for the trial court." *State v. Bennett*, 237 Ariz. 356, 359, ¶ 9 (App. 2015) (quoting *State v. Fisher*, 141 Ariz. 227, 238 (1984)). Whether a probable cause determination comports with the Fourth Amendment to the United States Constitution is a mixed question of law and fact that we review de novo. *Cheatham*, 240 Ariz. at 2, ¶ 6. The superior court's "finding on whether the affiant deliberately included misstatements of law or excluded material facts is a factual determination, upheld unless 'clearly erroneous.'" *State v. Buccini*, 167 Ariz. 550, 554 (1991).

## II.     THE SUPERIOR COURT DID NOT ERR IN DENYING THE SUPPRESSION MOTIONS

### A. The Warrantless Search

¶12          Gamble claims that the superior court erred in denying his motion to suppress because the officers possessed knowledge undermining the emergency aid exception, "did not have enough information to justify a warrantless entry into" the room, and had no reasonable basis to believe the underage female in the room was in danger or that criminal activity was occurring. Contrary to Gamble's arguments, the record supports the superior court's decision to deny suppression of the evidence obtained from Gamble's hotel room.

¶13          Based on the information provided by the juvenile's family and hotel personnel, officers had reason to believe that a juvenile female was accompanying an adult male in the particular room, and that there had been an assault by that male on the juvenile's underage sister. Cook and Mitchell responded to Gamble's room to conduct the welfare check and detained Gamble based on the alleged assault. While he was detained, Gamble consented to the search of his room. Gamble was subsequently arrested for the alleged assault and the officers then collected his cellphone and other property at Gamble's request.

¶14          Beyond Gamble's consent to search, the officers' conduct was reasonable pursuant to the emergency aid exception. Warrantless entries are lawful when law enforcement reasonably believes that someone located within needs immediate aid or assistance, and a reasonable basis exists to associate the emergency with the place to be searched. *Bennett*, 237 Ariz. at 358-59, ¶ 9; *see also Brigham City, Utah v. Stuart*, 547 U.S. 398, 406 (2006) (holding that warrantless entry is justified when officers have a "reasonable basis" to believe that an injured person "might need help" or that "violence was just beginning"). Thus, the superior court did not err in its

4

determination that the officers' conduct was justified by the urgency of the information provided to them by the juveniles' family and hotel personnel. Moreover, because Gamble specifically asked the officers to retrieve his cellphone, the superior court did not err in concluding that Gamble's cellphone was in his possession, and obtained by the officers with his consent, before it was determined to be evidence. *See State v. Paredes*, 167 Ariz. 609, 612 (App. 1991) ("A warrantless search is valid if conducted after voluntary consent is given.").

## B. The Search Warrant Affidavit

**¶15**        After officers determined that Gamble's cellphone potentially contained prostitution-related evidence, Breckow authored the affidavit, which reads in pertinent part, "[t]he phone was removed from the possession of Tony Gamble and is now in the possession of the Tempe Police Department . . . ." The affidavit also contains information that at the time of his arrest, Gamble "had almost $500 in cash in his possession as well as a large 'Samsung' brand cell phone."

**¶16**        Gamble claims that the superior court abused its discretion by denying his motion to suppress the cellphone evidence based on an alleged *Franks* violation. Gamble contends that the cellphone "was actually found in the hotel room," and the statement in the affidavit that it was found in Gamble's possession was, therefore, a material misrepresentation.

**¶17**        The superior court correctly rejected this argument. An affidavit underlying a search warrant is presumed valid. *Franks*, 438 U.S. at 171. The affidavit must assert particular facts and circumstances upon which probable cause to search exists so that a magistrate may make a neutral determination. *Id.* at 165. But this does not require 100% accuracy; only that the affidavit be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.*

**¶18**        At the evidentiary hearing, Breckow testified that the cellphone was among Gamble's possessions in the room when the officers collected it. Breckow stated that he believed the affidavit's statements were accurate and the statement that the cellphone was in Gamble's possession was not meant to mislead the court or imply that the cellphone was obtained directly from Gamble's person.[2] The superior court did not clearly err when it found that Gamble had constructive possession of the cellphone

---

[2] It is undisputed that the cellphone was not on Gamble's person at the time of his arrest.

when officers seized it and, therefore, there was no material misrepresentation in the affidavit.

¶19 Because Gamble did not establish by a preponderance of the evidence that the affidavit contained false statements necessary to the probable cause finding, the superior court did not err by denying the suppression of the evidence.

## CONCLUSION

¶20 For the abovementioned reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA