NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RYAN EUGENE BAZZILL, *Appellant.*

No. 1 CA-CR 21-0286
FILED 6-16-2022

Appeal from the Superior Court in Yavapai County
No.  P1300CR202000719
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Willison Law, PC, Prescott
By Stephanie Willison
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1**        Defendant Ryan Eugene Bazzill appeals his convictions and sentences for possession of dangerous drugs for sale (methamphetamine) and possession of drug paraphernalia. Bazzill argues the court abused its discretion by denying his motion to suppress evidence obtained from a warrantless search of his vehicle. Because Bazzill has shown no error, his convictions and sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**        One afternoon in May 2020, a Prescott Valley Police Officer saw Bazzill driving a Chevy Blazer with a cracked windshield and stopped him. When approaching the Blazer, the officer "immediately" smelled "the odor of burnt marijuana emanating from inside the vehicle," later describing the smell as "medium to moderate." Bazzill and his dog were the only occupants.

**¶3**        The officer asked Bazzill to step out of the Blazer, given the presence of the dog and for officer protection. Bazzill complied. When the officer said he smelled burnt marijuana, Bazzill responded "that he [had] a valid . . . medical marijuana card" under Arizona's Medical Marijuana Act (AMMA). *See* Ariz. Rev. Stat. (A.R.S.) §§ 36-2801, et seq. (2022).[1] Bazzill provided his valid AMMA card to the officer. The officer asked Bazzill if he had a pipe, because "smell[ing] burnt marijuana emanating from a vehicle . . . triggers . . . the possibility that someone is not complying with the AMMA." Bazzill said he did not have a pipe in the Blazer.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. In November 2020, Arizona voters passed Proposition 207, decriminalizing possession and use of certain amounts of marijuana. *See* A.R.S. §§ 36-2850 to -2865. In May 2020, however, possession and use of marijuana were illegal unless authorized by the AMMA.

¶4            The officer told Bazzill that, based on the smell of burnt marijuana, he would be searching the Blazer to "make sure [the marijuana] was still in the prescribed containers . . . and [] to see . . . what quantity he had." The officer later testified Bazzill's demeanor then "completely changed." He was not "standing still as much," became "more agitated" and "a little more nervous." A search of the Blazer revealed a "glass-loaded marijuana pipe [with] a small amount of marijuana," a "black Weighmax scale" with a "white crystallized substance" later identified as methamphetamine, several small, unused Ziploc baggies in a backpack and a bag with 9.7 grams of methamphetamine. The officer arrested Bazzill.

¶5            The State charged Bazzill with possession of dangerous drugs for sale (methamphetamine), a class 2 felony, and possession of drug paraphernalia, a class 6 felony. Bazzill moved to suppress the evidence obtained during the search of the Blazer and the court held an evidentiary hearing where the arresting officer testified. The court then denied the motion, concluding the officer had probable cause to search the Blazer under the totality of the circumstances, including the smell of burnt marijuana, Bazzill's statement about the pipe and because Bazzill became agitated when he was told there would be a search.

¶6            After a two-day trial in June 2021, a jury found Bazzill guilty as charged. At sentencing, the court imposed concurrent prison terms, the longer of which was five calendar years, correctly awarding him 43 days of presentence incarceration credit. This court has jurisdiction over Bazzill's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶7            Bazzill argues the court erred in denying his motion to suppress, a ruling reviewed for an abuse of discretion. *State v. Wilson*, 237 Ariz. 296, 298 ¶ 7 (2015). This court considers "only the evidence presented at the suppression hearing and defer[s] to the superior court's factual findings and credibility determinations, [but] review[s] mixed questions of law and facts and the superior court's ultimate legal conclusion de novo." *State v. Raffaele*, 249 Ariz. 474, 480 ¶ 16 (App. 2020). "Whether a probable cause determination . . . comports with the Fourth Amendment is a mixed question of law and fact that [this court] reviews de novo." *State v. Cheatham*, 240 Ariz. 1, 2 ¶ 6 (2016) (citations omitted).

**¶8** Under the Fourth Amendment to the U.S. Constitution, warrantless searches and seizures are generally prohibited, subject to "a few specifically established and well-delineated exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (citation omitted). "One such exception allows the warrantless search of an automobile, including containers within, provided an officer has probable cause to believe contraband or evidence will be found." *Cheatham*, 240 Ariz. at 2-3 ¶ 7 (citations omitted).

**¶9** "'Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *State v. Sisco*, 239 Ariz. 532, 536 ¶ 15 (2016) (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). An officer may "rely on his or her senses, including the sense of smell, to establish probable cause if doing so would lead a reasonable person to believe that contraband or evidence of a crime is present." *Sisco*, 239 Ariz. at 535 ¶ 9.

**¶10** The possession and use of marijuana may be lawful if done in compliance with the AMMA. *Cheatham*, 240 Ariz. at 3 ¶ 9; *Sisco*, 239 Ariz. at 536 ¶ 14. "Thus, the smell of marijuana no longer necessarily reflects criminal activity under Arizona law." *Cheatham*, 240 Ariz. at 3 ¶ 9; *accord Sisco*, 239 Ariz. at 536 ¶ 14. But even after enactment of the AMMA, "the odor of marijuana in most circumstances will warrant a reasonable person believing there is a fair probability that contraband or evidence of a crime is present." *Sisco*, 239 Ariz. at 536 ¶ 16; *see also Raffaele*, 249 Ariz. at 480 ¶ 20 (finding an officer had probable cause to search a vehicle after smelling marijuana coming from the vehicle). Presentation of a valid AMMA registry identification card may suggest that marijuana is being lawfully possessed or used. A.R.S. § 36-2811(A)(1)(a). Still, the AMMA makes marijuana legal in only limited circumstances, and individuals subject to the AMMA "must strictly comply with its provisions to trigger its protections and immunities." *Sisco*, 239 Ariz. at 536 ¶ 17; A.R.S. §§ 13-3405(A)(1), 36-2802(E); *see also* A.R.S. § 36-2811(H) (providing that possession of registration card does not provide probable cause but also does not preclude existence of probable cause on other grounds).

**¶11** Bazzill argues that the officer's warrantless search of his Blazer based on the "mere[] . . . odor of [burnt] marijuana" was unlawful. Bazzill asserts that his possession of a valid AMMA card "could indicate that marijuana is being lawfully possessed or used [and such] information could effectively dispel the probable cause resulting from the officer's detection of marijuana by sight or smell, unless . . . other facts suggest the use or possession is not pursuant to AMMA." Bazzill's argument, however, does not account for the totality of the circumstances.

¶12 The record presented contains various factors allowing the officer to conclude that Bazzill did not comply with the AMMA. Under the AMMA, a qualifying patient is prohibited from using marijuana while driving. A.R.S. § 36-2802(D), (E). The officer, however, smelled burnt marijuana coming from the Blazer. After Bazzill provided his valid medical marijuana card, Bazzill told the officer he did not have a pipe in the Blazer. The unexplained smell of burnt marijuana coming from a vehicle occupied only by Bazzill suggested use of marijuana that did not comply with the AMMA. Indeed, the officer testified that an odor of burnt marijuana is "concerning" because it suggests that Bazzill was "smoking while driving" and "triggers the possibility that someone is not complying with [the] AMMA." The officer also testified that Bazzill became "agitated" and nervous after being told of the search, which further supported his reasonable belief that Bazzill was not compliant with the AMMA. The officer therefore had probable cause to believe criminal activity occurred, *see Gates*, 462 U.S. at 235, despite Bazzill presenting his valid AMMA card, *Cheatham*, 240 Ariz. at 1 ¶ 1; *Sisco*, 239 Ariz. at 534 ¶ 1; *Raffaele*, 249 at 480 ¶ 20. On this record, Bazzill has not shown the superior court erred in denying his motion to suppress. *Cheatham*, 240 Ariz. at 2-3 ¶ 7.

## CONCLUSION

¶13 Bazzill's convictions and sentences are affirmed.

