Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

## CR-2024-0321

———————————————

## Darryl Bain

## v.

## State of Alabama

## Appeal from Tuscaloosa Circuit Court
## (CC-23-379)

KELLUM, Judge.

Pursuant to a plea agreement with the State, Darryl Bain pleaded guilty to two counts of unlawful possession of a controlled substance (methamphetamine and alprazolam). See § 13A-12-212(a)(1), Ala. Code 1975. In accordance with the agreement, the trial court sentenced him

to 24 months' imprisonment for each conviction, to run concurrently, but suspended the sentences, and ordered him to serve 24 months on probation. Bain expressly reserved the right to appeal the trial court's denial of his motion to suppress.

The facts are undisputed. In December 2022, after receiving a telephone call about a suspicious vehicle at a store, police officers found Bain asleep in his vehicle. The officers woke Bain and ordered him to get out of his vehicle so they could conduct a patdown of his person. As Bain exited the vehicle, the officers detected the odor of marijuana. Officers then searched Bain and the vehicle, finding three alprazolam pills and methamphetamine. The officers found no marijuana.

Bain moved to suppress the drug evidence on the ground that the officers did not have probable cause to search him or his vehicle. Although Bain recognized that Alabama courts have held that the odor of marijuana provides probable cause to search, he argued that the "plain-smell doctrine" was outdated in light of Alabama's legalizing hemp. See § 2-8-381(4) Ala. Code 1975 (defining hemp, in relevant part, as "[t]he plant Cannabis sativa L. and any part of that plant ... with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent

on a dry weight basis ... [excluding] marijuana as defined in subdivision (14) of Section 20-2-2"), and § 20-2-2(14), Ala. Code 1975 (stating that marijuana "does not include hemp as defined in Section 2-8-381"). Bain argued that hemp has the same odor as marijuana and that, therefore, the odor of marijuana should no longer be sufficient to establish probable cause for a warrantless search. The State stipulated that hemp and marijuana have the same odor and can be distinguished only through chemical testing, but argued that the odor of marijuana is still sufficient to establish probable cause for a warrantless search. The trial court agreed with the State and denied Bain's motion to suppress.

On appeal, Bain continues to argue that the officers lacked probable cause to search him or his vehicle because, he says, the odor of marijuana is indistinguishable from the odor of hemp and is no longer sufficient, by itself, to establish probable cause.[1]

The Alabama Supreme Court has held that "[a] police officer's detecting the smell of raw or burned marijuana coming from a particular place or person is sufficient to provide probable cause to search that place

---

[1]In 2021, Alabama legalized medical marijuana in certain, limited forms, see § 20-2A-1 et. seq, Ala. Code 1975, but the plant itself remains illegal.

or person." <u>Adams v. State</u>, 815 So. 2d 578, 581 (Ala. 2001). This Court is bound by the decisions of the Alabama Supreme Court and has no authority to overrule those decisions. See § 12-3-16, Ala. Code 1975. That being said, to the extent that existing caselaw can be distinguished from this case on the ground that it was decided before the legalization of hemp, the probable-cause standard is nonetheless the same and, under that standard, the odor of marijuana is sufficient to provide probable cause to search, even with the legalization of hemp.

> "'"Whether there is probable cause to merit a warrantless search and seizure is to be determined by the totality of the circumstances. <u>Illinois v. Gates</u>, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). 'Probable cause exists where all the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed and that contraband would be found in the place to be searched.' <u>Sheridan v. State</u>, 591 So. 2d 129, 130 (Ala. Crim. App. 1991)." <u>State v. Stallworth</u>, 645 So. 2d 323, 325 (Ala. Cr. App. 1994).'

"<u>Woods v. State</u>, 695 So. 2d 636, 640 (Ala. Crim. App. 1996). 'Sufficient probability, not certainty ..., is the touchstone under the Fourth Amendment.' <u>Allen v. State</u>, 689 So. 2d 212, 216 (Ala. Crim. App. 1995)."

<u>State v. Perry</u>, 66 So. 3d 291, 294 (Ala. Crim. App. 2010).

"'"Probable cause is concerned with 'probabilities,' that 'are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.'"' <u>Chevere v. State</u>, 607 So. 2d 361, 368 (Ala. Crim. App. 1992), quoting <u>Carter v. State</u>, 435 So. 2d 137, 139 (Ala. Crim. App. 1982), quoting in turn <u>Brinegar v. United States</u>, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

"'"Probable cause does not require an officer to compile an airtight case against a suspect." <u>Williams v. State</u>, 440 So. 2d 1139, 1145 (Ala. Cr. App. 1983). "It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items <u>may</u> be contraband ... <u>it does not demand any showing that such a belief be correct or more likely true than false</u>. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." <u>Texas v. Brown</u>, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (citations omitted).'

"<u>Mewbourn v. State</u>, 570 So. 2d 805, 808-09 (Ala. Crim. App. 1990)."

<u>Harris v. State</u>, 948 So. 2d 583, 587 (Ala. Crim. App. 2006) (emphasis added).

Because probable cause does not require certainty, but only probability, we agree with the trial court that the fact that officers cannot distinguish between hemp and marijuana based on odor alone "does not

void probable cause." (C. 45.) Other jurisdictions have reached similar conclusions.

In Moore v. State, 211 N.E.3d 574, 579 (Ind. Ct. App. 2023), the Indiana Court of Appeals addressed the appellant's claim that, because "there is no distinction between the odor of legal and illegal cannabis-derived substances ... the mere odor of marijuana is ... no longer a sufficient basis for a warrantless search of a vehicle." After recognizing that several federal district courts had addressed, and rejected, that exact claim, the Indiana Court of Appeals did the same, stating:

> "[W]e apply the test of 'fair probability' to the facts before us. Although it was equally possible that the strong odor emanating from the vehicle and detected by Officer Dienhart was hemp as it was marijuana, these circumstances created a fair probability -- that is, 'a substantial chance' -- that the vehicle contained contraband. Eaton v. State, 889 N.E.2d 297, 300 (Ind. 2008). We thus conclude that Officer Dienhart's detection of the odor of marijuana immediately upon his arrival at the open window of the car ... provided probable cause for him to search the car."

211 N.E.3d at 581. In State v. Moore, 408 Wis. 2d 16, 991 N.W.2d 412 (2023), the Wisconsin Supreme Court stated:

> "[T]he officers noticed 'a strong smell of marijuana emanating' from the vehicle Moore was driving. While the officers might have reasonably inferred that the smell from the vehicle was [legal] CBD, that was not the only inference they could draw -- they also could infer (and they did) that the smell was THC.

6

It is black letter law that 'an officer is not required to draw a reasonable inference that favors innocence when there also is a reasonable inference that favors probable cause.' State v. Nieves, 2007 WI App 189, ¶14, 304 Wis. 2d 182, 738 N.W.2d 125; see also State v. Waldner, 206 Wis. 2d 51, 60, 556 N.W.2d 681 (1996). Therefore, while an innocent explanation may exist, we still conclude under the facts of this case, a reasonable law enforcement officer would infer that Moore had probably committed or was committing a crime."

408 Wis. 2d at 27, 991 N.W.2d at 417.

The Texas Court of Appeals has also held that the odor of marijuana is sufficient to establish probable cause to search, even with the legalization of hemp. In Cortez v. State, (No. 05-21-00664-CR, December 20, 2022) (Tex. Ct. App. 2022) (not reported in South Western Reporter) (footnote omitted), the Court stated:

"Cortez argues that because marijuana and hemp come from the same plant, Cannabis sativa L., the difference between the two [is] impossible to distinguish by smell and therefore, the possibility of error was invariably present and, thus, the odor of Cannabis sativa L. is insufficient by itself to establish probable cause to search. But the possession of marijuana is still a criminal offense under Texas law and a reasonable, even if ultimately erroneous conclusion by an officer on the scene as to the identity of the substance, would be permitted under the Fourth Amendment. See Health & Safety § 481.121(a). Therefore, we conclude the odor of Cannabis sativa L. emanating from Cortez's vehicle gave the officer probable cause to search the vehicle as well as its occupants."

7

See also State v. Bishop, [Ms. No. W2023-00713-CCA-R3-CD, April 11, 2024] ___ S.W.3d ___ (Tenn. Crim. App. 2024) ("Despite Sergeant Rogers's admitted inability to distinguish between the smell of hemp and marijuana, the record demonstrates a 'fair probability, given the totality of the circumstances, that contraband or evidence [would] be found' in the Defendant's car, thus, meeting the standard for establishing probable cause. See United States v. Vaughn, 429 F. Supp. 3d 499, 510 (E.D. Tenn. 2019) (citations omitted)."); State v. Withrow, 194 N.E.3d 804, 810-11 (Ohio Ct. App. 2022) (holding that "[t]he fact that illegal marijuana and legal forms of hemp have the same odor is irrelevant so long as some forms of marijuana remain illegal."); Owens v. State, 317 So. 3d 1218, 1220 (Fla. Dist. Ct. App. 2021) ("[T]he recent legalization of hemp, and under certain circumstances marijuana, does not serve as a sea change undoing existing precedent, and we hold that regardless of whether the smell of marijuana is indistinguishable from that of hemp, the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of the vehicle."); State v. Desir, (No. A-3581-18T1) (N.J. Sup. Ct. 2020) (not reported in Atlantic Reporter) ("[T]he CUMMA [Compassionate Use Medical Marijuana Act] did not replace the

'plain smell' doctrine. Rather, the CUMMA 'create[d] a limited exception allowing possession of marijuana for medical use by qualifying patients who obtain the appropriate registry identification card.' [State v.] Myers, 442 N.J. Super. [287,] 298, 303[, 122 A.3d 994, 1000 (N.J. Super. Ct. App. Div. 2015)] (holding the odor of marijuana gave police probable cause to arrest defendant absent any indication that defendant, or anyone in his car, was a registered qualifying patient or otherwise authorized to possess medical marijuana)."); People v. Wheeler, (No. 2-18-0162) (Ill. Ct. App. 2020) (not reported in North Eastern Reporter) ("[N]otwithstanding the possible possession and use of medical cannabis for medical purposes, the smell of burnt cannabis emanating from inside a vehicle continues to provide probable cause to search that vehicle."); and State v. Cheatham, 240 Ariz. 1, 3, 375 P.3d 66, 68 (2016) (holding that, even after the legalization of medical marijuana, "the odor of marijuana, without more, provides probable cause that a crime has occurred or is occurring"). Compare State v. Torgerson, 995 N.W.2d 164 (Minn. 2023), and Commonwealth v. Shaw, 246 A.3d 879 (Pa. Super. Ct. 2021) (both holding that the odor of marijuana is not sufficient, by itself, to establish probable cause to search).

We agree with the courts in those jurisdictions that have held that the odor of marijuana, even with the legalization of hemp, is sufficient, by itself, to establish probable cause to search. Possession of marijuana is still largely illegal in Alabama, and the odor of marijuana emanating from a person or place would warrant a person of reasonable caution to believe that contraband may be found. The fact that the odor may also indicate the presence of a legal substance does not negate the probability that an illegal substance may be found. Therefore, we hold that, even with the legalization of hemp, the odor of marijuana emanating from a person or a place is sufficient to establish probable cause to search. Here, the officers smelled the odor of marijuana as Bain got out of his vehicle and that odor provided sufficient probable cause to search Bain and the vehicle. Therefore, the trial court properly denied Bain's motion to suppress.

Based on the foregoing, the judgment of the trial court is affirmed.

AFFIRMED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.